UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| KIRBY COOPER, Individually and | ) | |
| On behalf of all others similarly situated, | ) | |
|         Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. CV 07-4036 |
| | ) | |
| MENU FOODS INCOME FUND; MENU | ) | |
| FOODS MIDWEST CORPORATION, | ) | |
| MENU FOODS SOUTH DAKOTA, INC., | ) | |
| MENU FOODS INC., MENU FOODS | ) | |
| HOLDINGS, INC. and WAL-MART | ) | |
| STORES, INC. | ) | |
|         Defendants | ) | |

## BRIEF IN SUPPORT OF MOTION TO STAY

COMES NOW the Separate Defendant MENU FOODS, INC. by and through counsel, JONES & HARPER, and moves this Court to stay all proceedings in this action, including but not limited to Separate Defendant's obligation to timely respond to Plaintiffs' Complaint, pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. §1407 and pending a determination of class certification by the transferor court pursuant to Federal Rules of Civil Procedure 23(d)(1).  In support thereof, Separate Defendant Menu Foods, Inc. sets forth the following:

# I. INTRODUCTION

Currently, there are more than eighty (80) actions that seek relief for individuals who purchased allegedly contaminated pet food from Separate Defendant and from other Menu Foods defendants which have not yet been served in the instant action. Federal courts have original jurisdiction over these state and common law based actions pursuant to the Class Action Fairness Act of 2005. *See* 28 U.S.C. §1332(d). Specifically, the pending cases allege that Defendant sold contaminated pet food to the general public and individuals whose pets consumed this pet food sustained injuries and/or death. The pending cases seek to certify a class of United States' residents who purchased allegedly contaminated pet food and seek to compensate them for all damages incurred as a result of Defendant's conduct. None of the pending cases are advanced and no discovery has been conducted. In addition to the above captioned action and three more which have been filed in the Western District of Arkansas there are actions currently pending in the Western District of Washington, Eastern District of Tennessee, Northern District of Illinois, Western District of Wisconsin, District of Colorado, District of New Jersey, Northern District of Florida, Southern District of Florida, District of Connecticut, Central District of California, District of Rhode Island, District of Maine, Northern District of California, District of Nevada, District of Idaho, Northern District of Ohio, District of Minnesota, District of Tennessee, District of Washington, District of Colorado and District of Massachusetts.

A.    Pending MDL Motions

On March 30, 2007, three (3) separate motions for transfer and coordination or consolidation pursuant to 28 U.S.C. §1407 were filed by three (3) different plaintiffs. Plaintiff Shirley Sexton filed the first MDL motion, seeking to transfer her case and numerous other cases involving alleged injuries and/or death arising out of the purchase and/or consumption of pet food manufactured by Defendants to the Central District of California.  *See* Plaintiff Sexton's MDL Motion attached hereto as Exhibit "A."   Plaintiff Christina Troiano filed the second MDL motion, seeking transfer to the Southern District of Florida.   *See* Plaintiff Troiano's MDL Motion attached hereto as Exhibit "B."   Plaintiffs Tom Whaley, Stacey Heller, Toinette Robinson, David Rapp, Cecily and Terrance Mitchelle, Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Barbara Smith, Michelle Suggett and Don James, then filed their MDL motion to transfer the cases to the Western District of Washington. *See* Plaintiff Whaley's MDL Motion attached hereto as Exhibit "C."    On April 5, 2007, plaintiffs Jayme Pittsonberger, David Carter and Jim Bullock filed their motion for transfer and coordination or consolidation pursuant to 28 U.S.C. §1407, to transfer the cases to the District of New Jersey.  *See* Plaintiff Pittsonberger's MDL Motion attached hereto as Exhibit "D."  On April 10, 2007, plaintiffs Jared Workman, Mark and Mona Cohen, and Peggy Schneider (the "Workman Group") filed their motion for transfer and coordination or consolidation pursuant to 28 U.S.C. §1407, to

transfer the cases to the District of New Jersey.  *See* Plaintiff Workman's MDL Motion attached hereto as Exhibit "E."  On or about April 16, 2007, plaintiffs Scott and Barbara Widen, Charles Ray and Pamela Sims, Sandra Gray, Kirby Cooper, and Nick and Deena Jackson (the "Arkansas Group") filed their response in support of their request for transfer and coordination or consolidation pursuant to 28 U.S.C. §1407, to transfer to the Western District of Arkansas.  *See* Arkansas Plaintiffs' MDL Motion attached hereto as Exhibit "M."  On or about May 2, 2007, plaintiffs Lois Grady, Kaye Steinsapir, Barbara Gonzales, Frank Bodeman, and Craig Anderson, (the "Grady Group") filed their notice of joinder and joinder in motion for transfer to actions to the Central District of California and for consolidation or coordinated pre-trial proceedings pursuant to 28 U.S.C. §1407.  *See* Plaintiff Grady's Joinder and MDL Motion attached hereto as Exhibit "P."

Defendants filed their MDL response on April 19, 2007, and are in agreement that MDL consolidation is appropriate. *See* Defendants' Motion for Coordinate Pre-Trial Proceedings Pursuant to 28 U.S.C. §1407 and Brief in Support of Coordinated Pre-Trial Proceedings, attached hereto as Exhibits "G" and "H."

On April 12, 2007, the Judicial Panel on Multidistrict Litigation  ("JPML") issued a Notice of Hearing Session for May 31, 2007 to consider the MDL motions ("Collectively known as MDL 1850 – *In re Pet Food Products Liability Litigation*).  *See* April 12, 2007 Notice of Hearing Session attached hereto as Exhibit "F".   The MDL Hearing is now only weeks away.

B.    Instant Case

On April 13, 2007, Kirby Cooper, on behalf of himself and others similarly situated, filed a products liability action in this Court, alleging that Plaintiff's pet sustained injuries and death as a result of the Plaintiff's purchase and the pet's consumption of pet food manufactured by Defendant.  Separate Defendant Menu Foods, Inc. – the only Menu Foods defendant who has been served in this case – now respectfully requests this Court to stay all proceedings pending a transfer decision by the JPML and a determination of class certification by the transferor court.

C.    Orders of Stay

To date, companion cases in the Western District of Arkansas, *Gray v. Menu Foods, Inc., Wal-Mart Stores, et al.,* Civil No. 07-5065, *see* Exhibit "N," and *Widen v. Menu Foods, Inc., Wal-Mart Stores, et al.,* Civil No. 07-5055, *see* Exhibit "K," have both been stayed by the Honorable Robert T. Dawson pending a determination on Multidistrict Litigation. The case of *Sims v. Menu Foods, et al.,* Civil No. 07-5053, pending before the Honorable Jimm Larry Hendren, however, has not been stayed.  In addition to Arkansas, courts in California, New Jersey and Florida have entered stays in approximately thirty-five (35) cases pending a determination by the Judicial Panel on Multidistrict Litigation.  *See* Exhibits "I," "J," "L" and "O."

## II. SUMMARY OF ARGUMENT

A stay of all proceedings in this action pending a transfer decision by the JPML and a determination of class certification by the transferor court is necessary to

promote judicial economy and avoid undue prejudice to the parties.    Due to the pending MDL motions and pending motions for class certification, a stay of proceedings in this case is necessary and appropriate to further the interests of judicial economy.  This Court should not unnecessarily use its resources and time to supervise pre-trial proceedings and make rulings in a case, which may shortly be transferred to another district court and/or judge for further pre-trial proceedings.  Additionally, since all the actions are in the beginning stages of litigation and the Judicial Panel will be hearing the MDL motions on May 31, 2007, no prejudice or inconvenience will result from entry of a stay.    *See* Exhibit "F".  On the other hand, absent a stay, Defendant will be substantially prejudiced if it and the other Menu Foods defendants are required to duplicate efforts and expend significant resources defending multiple cases in jurisdictions around the country.   As important, Plaintiffs will be prejudiced and suffer undue hardship in that the duplication of efforts, before and after the MDL determination, will result in unnecessary litigation costs.   For the reasons herein stated, Defendant respectfully moves this Court for an order staying all proceedings in this case pending a transfer decision by the JPML and a determination of class certification by the transferor court.

## III.   ARGUMENT

In other matters, numerous courts have stayed proceedings pending determinations by the MDL Panel of the appropriateness of coordination under Section 1407.  *See, e.g., Gonzalez, v. American Home Products, Corp.,* 223 F.Supp.2d 803

(S.D.Tex. 2002); *Moore v. Wyeth-Ayerst Laboratories,* 236 F.Supp.2d 509, 511 (D. Md. 2002); *Kohl v. American Home Prods. Corp.,* 78 F. Supp. 2d 885 (W.D. Ark. 1999); *Rivers v. The Walt Disney Co.,* 980 F. Supp. 1358 (C.D. Cal. 1997).    Although they may not be cited for precedental value, Defendants further offer the following examples, for persuasive value, of instances where Courts have granted stays pending MDL determinations: *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.,* 2002 WL 31114069 (N.D. Tex. Sept.23, 2002); *Republic of Venezuela v. Philip Morris Companies, Inc., et. al.,* 1999 WL 33911677 (S.D. Fla. 1999); *American Seafood, Inc. v. Magnolia Processing,* 1992 WL 102762 (E.D. Pa. May 7, 1992); *Arthur-Magna, Inc. v. Del-Val Fin Corp.,* 1991 WL 13725 (D. N.J. Feb. 1, 1991); *Rosenfeld v. Hartford Fire Ins. Co.,* 1988 WL 49065 (S.D. N.Y. May 12, 1988); *Portnoy v. Zenith Laboratories,* 1987 WL 10236 (D.D.C. Apr. 21, 1987).    It is "incidental to the power inherent in every court to control the disposition of the cases on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936).  Guided by the "policies of justice and efficiency," this Court should exercise its discretion to stay all further proceedings in this action pending the MDL Panel's action. *See Boudreaux v. Metropolitan Life Ins. Co.,* 1995 WL 83788, *1 (E.D. La. Feb. 24, 1995).

When considering a motion to stay, the Court typically considers three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Rivers,* 980

F.Supp. at 1360. In the case *sub judice*, each enumerated factor favors a stay. Thus, this Court should stay all proceedings pending a transfer decision by the Judicial Panel and a determination of class certification by the transferor court.

A.      Judicial Economy Mandates a Stay Pending a Transfer Decision by the Judicial Panel and Determination of Class Certification

Considerations of judicial economy weigh heavily in favor of a stay. First, the express language of 28 U.S.C. §1407 provides that civil actions may be transferred for coordinated or consolidated pretrial proceedings to "promote the just and efficient conduct of such actions." *See* 28 U.S.C. §1407. Second, it is well settled that in the class action context when similar actions are proceeding in different courts, courts may stay proceedings pending the outcome of the other case. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3D §1792* (2005); *Knearem v. Bayer Corp*, 2002 WL 1173551, 1 (D. Kan. 2002) (granted motion to stay to purported class action which was one of more than two hundred pending federal cases, nearly half of which were purported class actions). Here, a stay of proceedings pending a transfer decision by the MDL and class certification is necessary and appropriate to achieve the judicial economies that underlie §1407 and class actions.

Defendant reasonably anticipates that the Judicial Panel will grant an MDL for the following reasons. First, courts have consistently held that the Judicial Panel will transfer cases to eliminate the possibility of inconsistent class determinations. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Lit.*, 398 F. Supp. 2d 1371 (Jud. Pan.

Mult. Lit. 2005); *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Lit.* 398

F. Supp.. 2d 1365 (Jud. Pan. Mult. Lit. 2005); *In re Roadway Exp. Inc. Employ. Pract. Lit.*,

384 F. Supp. 612 (Jud. Pan. Mult. Lit. 1974); For persuasive value, *see also In re*

*CertainTeed Corp. Roofing Shingle Prods Liab. Lit.*, 2007 WL 549356.  Absent a transfer of

these cases to a single forum for coordinated and consolidated pretrial proceedings,

there is a substantial risk of inconsistent and/or conflicting pretrial rulings on

discovery and other key issues, such as class certification.  Second, discovery with

respect to the Defendant's conduct in each of the actions proposed for consolidation

will be substantially similar and will involve the same and/or similar documents and

witnesses.   Third, efficiency in the administration of justice will be served by

consolidation, because one judge rather than multiple judges can supervise all pretrial

proceedings and render rulings that are consistent.  Fourth, based on the nationwide

distribution of Defendants' pet food, many additional cases may be filed before the

statute of limitations expires.

Absent a stay, the Court will lose the potential efficiencies that would be gained

by having pretrial issues, particularly with respect to issues of class certification,

decided by a single court.  In *Gonzalez v. American Home Products, Corp.,* consumers

brought a product liability action against manufacturers and distributors of

phenylpropanolamine (PPA) to recover for physical injuries sustained as a result of

exposure to PPA.  *See Gonzalez,,* 223 F.Supp.2d at 804.  In granting defendants'

motion to stay pending a decision of the MDL Panel, the Court held that "[j]udicial

economy and consistency of result dictate that this key issue be decided once, not countless times." *Gonzalez*, 223 F.Supp.2d at 805.

Like *Gonzalez*, the interests of judicial economy and consistency warrant a stay here. Without a stay, this Court will be required to expend its time and resources familiarizing itself with the intricacies and complexities of this complicated products liability litigation that may be transferred to another court. Alternatively, if the Judicial Panel assigns the case to this Court, each ruling and action taken by this Court may affect other cases without giving the attorney handling those cases an opportunity to provide input to the Court. Clearly, if these cases are not stayed, many issues particularly with respect to class certification, will have to be revisited by the Court assigned to the cases by the Judicial Panel. Thus, the continuation of this case will result in duplicative and unnecessary efforts by this Court and the parties if this action proceeds forward before the Judicial Panel has an opportunity to rule. Additionally, if a stay is not granted and this case proceeds forward, the Court's rulings potentially could be reconsidered after coordination. "The pretrial powers of the transferee court include the powers to modify, expand, or vacate earlier discovery orders." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 489 (J.P.M.L. 1968).

In *Kohl v. American Home Prods. Corp.,* a case arising in the Western District of Arkansas, a consumer brought a products liability action against manufacturers, distributors and sellers of the pharmaceutical drugs, fenfluramine and phentermine, to recover for injuries allegedly caused by the drugs. *Kohl,* 78 F. Supp. 2d at 887. In

granting defendants' motion to stay pending the transfer of the case to the MDL

Panel, Judge H. Franklin Waters noted that judicial economy would be best served if

litigation was facilitated in the appropriate forum. *Kohl,* 78 F. Supp. 2d at 888.

This Court, like the district court in *Kohl,* should not expend its limited

resources "familiarizing itself with the intricacies of a case that would be heard [for

pre-trial purposes] by another judge." *Rivers,* 980 F. Supp. at 1360. Should the MDL

motion be granted, all of the expenditures of the Court's time and resources regarding

the action and its pretrial procedures will be wasted. Similarly, this Court should

abstain from scheduling additional status conferences and/or issuing additional

discovery orders because "any efforts on behalf of this Court concerning case

management will most likely have to by replicated by the judge that is assigned to

handle the consolidated litigation." *Id.* Further, to avoid the risk of inconsistent

substantive legal rulings, pretrial proceedings in this matter and other actions should

proceed in an orderly, coordinated fashion, as directed by the single court selected by

the Judicial Panel. Accordingly, a stay in this case is appropriate as it will further the

just and efficient conduct of this litigation.

B.    THE BALANCE OF EQUITIES WEIGHS HEAVILY IN FAVOR OF
      A STAY AS PLAINTIFFS WILL SUFFER NO PREJUDICE, WHILE
      DEFENDANT WILL SUFFER UNDUE HARDSHIP SHOULD A
      STAY NOT BE GRANTED.

In addition to the waste of judicial resources inherent in proceeding with this

matter prior to a ruling by the Judicial Panel, the balance of the parties' hardships

strongly favors a stay.  In *Moore v. Wyeth-Ayerst Laboratories,* a patient who took a prescription diet drug brought a products liability action against the drug manufacturer.   *Moore,* 236 F.Supp.2d at 511.  The court in that case held that the potential prejudice to the drug manufacturer warranted a stay of proceedings pending the decision of Judicial Panel for transfer and consolidation.  *Id.*  Specifically, the court held that "[c]entralization is...necessary in order to eliminate duplicative discovery, prevent inconsistent or repetitive pretrial rulings...and conserve the resources of the parties, their counsel, and the judiciary."  *Id.*

Similarly, the case at bar and other pending cases against Defendant and the other Menu Foods defendants engender identical considerations of duplicative discovery and conservation of resources due to its involvement of common questions of law and fact with respect to Defendant's conduct.  Defendant would be substantially prejudiced by duplicative discovery and motion practice if a stay is not put in place.  Without a stay,  the parties will be served with discovery requests, deposition notices and various motions resulting in duplicative and costly responses and replies being prepared multiple times in different jurisdictions.  This burden is a clear, definable hardship weighing in favor of staying this action until the MDL Panel renders its decision.

A stay will not, however, unduly prejudice the Plaintiffs in this matter. Defendant submits that without a stay, Plaintiffs will also suffer undue hardship and a duplication of efforts, resulting in unnecessary litigation costs.   Here, there has been

no discovery in the case at bar or any of the pending actions. Since all the actions are in the beginning stages of litigation, no prejudice or inconvenience will result from transfer, coordination and/or consolidation. Any slight delay that Plaintiffs may experience in this case will be minimal and the prejudice to Defendant would far outstrip any harm to Plaintiffs. Indeed, if the Judicial Panel consolidates the cases into an MDL, all of the parties – including the Plaintiffs – will benefit through increased efficiency and coordinated pretrial case management. Further, Defendant is not asking this Court to stay the proceedings indefinitely. The Judicial Panel will be hearing the MDL motions on May 31, 2007. *See* Exhibit "F". Defendant is only asking the Court to issue a stay while the transfer decision by the Judicial Panel and determination of class certification is pending. As such, any potential delay is outweighed by the potential efficiencies available in a coordinated MDL proceeding. Therefore, the benefits of staying this proceeding far outweigh any minimal inconvenience to the Plaintiffs. Thus, the granting of a stay is necessary and appropriate.

## IV. CONCLUSION

For all of the foregoing reasons, it is appropriate for this Court to exercise its sound discretion to stay these proceedings pending the decision of the Judicial Panel and a determination of class certification by the transferor court. The Judicial Panel will conduct its Hearing in a just a few weeks, and thus, any stay would be of limited duration. Furthermore, a stay would further the interests of judicial economy, and

promote just and efficient conduct of this litigation, while denying a stay would unnecessarily waste the efforts and resources of this Court and all parties. Without the stay, Defendant will suffer undue hardship and inequity, Plaintiffs will incur unnecessary litigation expense, and the purpose for coordination and consolidation pursuant to 28 U.S.C. § 1407 will be undermined.

WHEREFORE, Separate Defendant MENU FOODS, INC. respectfully requests this Honorable Court enter an Order staying further proceedings in this matter, including but not limited to Separate Defendant's obligation to timely respond to Plaintiffs' Complaint,  pending the transfer decision by the Judicial Panel and a determination of class certification by the transferor court.

Respectfully submitted,

_____/s/ Christy Comstock_____
Christy Comstock (AR #92246)
Robert L. Jones, III (AR #69041)
Jones & Harper
21 West Mountain, Suite 300
Fayetteville, AR 72701
(479) 582-3382
Fax (479) 587-8189
And
Edward B. Ruff
Michael P. Turiello
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 346-1973

ATTORNEYS FOR SEPARATE
MENU FOODS, INC.

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this _____ day of May, 2007, by first class mail, postage prepaid to:


Jason M. Hatfield
LUNDY & DAVIS, L.L.P.
300 N. College Ave., Suite 309
Fayetteville, AR 72701

Attorney for the Plaintiff


      _____/s/ Christy Comstock_____
      Christy Comstock