UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| KIRBY COOPER, Individually And On Behalf Of All Others Similarly Situated,<br>           Plaintiffs,<br><br>VERSUS<br><br>MENU FOODS INCOME FUND, MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA INC., MENU FOODS, INC., MENU FOODS HOLDINGS, INC., and WAL-MART STORES, INC.<br>           Defendants. | § CASE NO. 4:07-cv-4036<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

***

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO STAY ALL PROCEEDINGS AND PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO FILE A RESPONSIVE PLEADING**

Plaintiff, Kirby Cooper, on behalf of himself and others similarly situated, by and through his counsel of record, hereby respectfully submits this Memorandum in Opposition to Defendant, Menu Foods, Inc.'s Motion to Stay all proceedings and in Response to Defendants' Motion for Extension of Time to File a Responsive Pleading.

**I.   INTRODUCTION**

On April 13, 2007, Plaintiff, on behalf of himself and all other similarly situated

residents of Arkansas, filed the instant action in this Court. On May 8, 2007, Separate Defendant, Menu Foods, Inc., avoided answering the Complaint by filing a Motion to Stay all proceedings, while contemporaneously filing a Motion for Extension of Time to Respond, requesting the Court stay further proceedings and extend the time for Separate Defendant, Menu Foods, Inc., to respond to Plaintiff's Complaint until twenty (20) days after the stay is lifted by the Court.

## II. ARGUMENT

Separate Defendant Menu Foods, Inc., attempts to persuade the court to issue a stay in the current case, for the simple reason that other courts have issued stays. Defendant's admit in their brief that "[t]he case of *Sims v. Menu Foods, et al.*, Civil No. 07-5053, pending before the Honorable Jimm Larry Hendren, has not been stayed." In fact, Judge Hendren entered an Order in the *Sims* case on May 2, 2007 (*see* Exhibit A attached), in which he specifically denied collective Defendants' Motion to Stay, stating as follows:

> 3.   Transfer to the Judicial Panel on Multidistrict Litigation is governed by **28 U.S.C. §1407**, and by the **Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Rule 1.5** of those rules provided that
>
> [t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an cation (sic) pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. §1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.
>
> The wisdom of this rule is self-evident: when a motion for transfer is made, there is no way of knowing whether it will be granted or not. If a case

were to be automatically stayed until the decision regarding transfer were made, many cases which do not end up being transferred would be needlessly delayed.

So it is in this case: there is no way of knowing whether it will be transferred to the MDL panel. While valid arguments are made on both sides of the issue, the Court is persuaded that the best course of action is to abide by the wisdom of **Rule 1.5**, and the motion will, therefore, be denied.

**IT IS THEREFORE ORDERED** that defendants' **Motion to Stay** (document #7) is **denied**.

The next day after entry of the Order denying their motion to stay, the defendants in the *Sims* case filed their motion for a 30 day extension of time to respond to the complaint in that case. In his Order of May 7, 2007 (*see* Exhibit B attached), in the *Sims* case, Judge Hendren stated:

3. It is obvious from the foregoing that the plaintiffs want to get started preparing their case for trial, while the Served Defendants want to wait until they have the various cases consolidated and situated along the lines they consider appropriate, before commencing trial preparation. The Court has already resolved this issue adversely to the Served Defendants, and therefore is not receptive to the suggestion that the Served Defendants be granted an additional thirty days to respond to the Complaint.

Judge Hendren went on to find that "only a brief additional time should be allowed for the Served Defendants to respond to the Complaint of the Plaintiffs" and allowed seven (7) days from the date of his Order to file a responsive pleading to the complaint.

Separate Defendant, Menu Foods, Inc., at page 5, paragraph C of its Brief in Support of Motion to Stay (Document #6), directs this Court's attention to the fact that the two companion cases in the Western District of Arkansas have both been stayed by the Honorable Robert T. Dawson pending a determination on Multidistrict Litigation. However, Defendant fails to point out to this Court the fact that the first case was an "agreed stay"

among the parties, with an agreement to preserve evidence. Judge Dawson merely signed off on the parties' agreement to stay the case.

### A. Delaying the Ruling on Motions to Remand Pending Action by the J.P.M.L. on Motions to Transfer and Consolidate Is Unwarranted.

It has been established by both the J.P.M.L. and multiple district courts, motions to stay are generally denied when motions to transfer and consolidate are concurrently pending. The Defendants' mention of Judge Waters's opinion is misleading in that Judge Waters stayed a proceeding based upon his entry of the conditional order to transfer to an existing MDL. *Kohl v. American Home Prods. Corp.*, 78 F.Supp 2d 885 (W.D. Ark. 1999). In fact, the Eighth Circuit recognizes that a motion to transfer does not automatically stay discovery.

> The Court has addressed this same issue in two unpublished opinions. *See Baker v. Wyeth-Ayerst Labs. Div., et al.*, Civil No. 98-5126 (Aug. 6 1998) and *Brightwell v. A.H.Robins Co., Inc., et al.*, Civil No. 99-5061 (June 2, 1999). In those cases, **this court recognized that a motion to transfer a case to MDL does not automatically stay discovery, postpone rulings on pending motions, or generally suspend further proceedings in the court in which the action was filed**. *See Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. See also Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F.Supp. 1186, 1188-89 (N.D.Cal. 1997).

See *Kohl v. American Home Products Corp., et al.*, 78 F.Supp.2d 885 (emphasis added). In the case at hand, Plaintiffs seek an answer to their complaint and to initiate preliminary discovery. This court will not be required to familiarize itself with the intricacies of the case at this early date, and the judicial resources extended to require the Defendants to Answer the Complaint and begin discovery would be minimal. Additionally, the Defendants would not be prejudiced by answering Plaintiff's straight-forward product liability Complaint, and

Plaintiff's counsel is willing to accept discovery responses on a computer disc and share discovery with other plaintiff's counsel. This will eliminate any potential hardship on the defense. If Defendants are allowed a stay, the Plaintiff will be prejudiced by having to wait months to learn what defenses it will face. The Plaintiff will not know if there are objections to various issues, i.e., subject matter jurisdiction, insufficiency of process, insufficiency of service of process, and other defenses. The Federal Rules of Civil Procedure provide the defense twenty days to answer a complaint, not months, which is in effect what the defense has asked this Court to allow. Further, there is no assurance that the case will be transferred to another court, and there is no reason to prejudice the Plaintiff's claim based upon a speculative transfer.

### B.     With Limited Exception, District Courts Should Not Stay Proceedings During the Pendency of a Motion for Consolidation Before the J.P.M.L.

In the absence of extraordinary circumstances, both the Rules of the Judicial Panel on Multidistrict Litigation and the overwhelming case law urge district courts to deny requests for stays during the pendency of motions for transfer and consolidation before the J.P.M.L.

The Rules of the J.P.M.L. unequivocally provide that, during the pendency of a motion for consideration before the J.P.M.L., the case should be allowed to proceed:

> The *pendency of a motion*, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 *does not affect or suspend orders and pretrial proceedings* in the district court in which the action is pending and *does not in any way limit the pretrial jurisdiction of that court.*

Rule 1.5 of the Rules of the J.P.M.L. (emphasis added). *See also, Manual for Complex*

*Litigation (3rd)* § 31.131; 17 *Moore's Federal Practice* § 112.06[1] ("the pendency of transfer order does not limit the power of the transferor court to act on matters properly before it . . . .").

Indeed, well-established case law fully supports the principle that a case should proceed during the pendency of a motion to consolidate. *Villarreal v. Chrysler Corp.*, 1996 U.S. Dist. LEXIS 3159, 1996 WL 116832 (Cal. 1996); *Carol Cable Company, Inc. v. Koffler*, 1989 U.S. Dist. LEXIS 8434 (MDL No. 797) (E.D. Pa. 1989) (district court denied Defendants' motion to stay discovery prior to MDL Panel's ruling on motion to transfer and consolidate); *In re Airport Car Rental Antitrust Litig.*, 448 F.Supp. 273, 275 (J.P.M.L. 1978) (pendency of section 1407 proceedings should not delay progress of case); *In re Air Crash Disaster at Paris, France, on March 3, 1974*, 376 F.Supp. 887 (J.P.M.L. 1973) ("We have previously noted that the mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court . . . ."); *In re Four Seasons Securities Litigation*, 362 F.Supp. 574, 575 n.2 (J.P.M.L. 1973) (same); *In re Penn Central Securities*, 333 F.Supp. 382, 384 n.4 (J.P.M.L. 1971); *In re Master Key Antitrust Litig.*, 320 F.Supp. 1404 (J.P.M.L. 1971) (court should proceed with case). *See also In re Swine Flu Immunization Products Liability Litig.*, 89 F.R.D. 695 (D.C. 1981) (substantial discovery conducted prior to MDL consolidation); *EEOC v. Burlington Northern, Inc.*, 618 F.Supp. 1046 (D. Ill. 1985) (same).

Therefore, the pendency of Defendants' motion for transfer and consolidation before the J.P.M.L. does not invoke an automatic stay of this case. To the contrary, both case law and the J.P.M.L. Rules provide that a stay is unwarranted.

    **C.**    **A Stay Subjects Plaintiffs to Substantial, Unnecessary and**

**Undue Prejudice.**

Plaintiffs, who as master of their Complaint have the right to proceed in the venue of their choice, would be obligated to spend a substantial amount of time and money (as well as to retain local counsel in another state), were the J.P.M.L. to send this matter to another federal district court. If the cases are sent to another district court, Plaintiffs will have lost the opportunity to prosecute this case during the pendency of the stay.

Defendant has had ample time and opportunity to prepare a responsive answer to Plaintiffs' Complaint in this Court and has already answered the Complaint filed in Judge Hendren's Court. The Defendants are not prejudiced by being forced to comply with the law and answer Plaintiffs' Complaint. Further, they will not be prejudiced from providing basic information, including corporate structure, animal health complaints, ingredients, supplier information, test results and correspondence. Conversely, the Plaintiffs are prejudiced by being prevented from obtaining basic facts known by the defense, by having to guess at potential defenses that will be claimed, and by relying on what is reported in newspapers and press releases. Again, the Court will not have to expend many resources in requiring Defendants to comply with the law by answering a complaint and engaging in basic discovery.

## III. CONCLUSION

Accordingly, for the reasons set forth above, Plaintiffs respectfully request that this Court deny Defendants' motion for an Order staying all proceedings, and instead order Defendants to Answer Plaintiffs' Complaint and proceed with discovery pursuant to the Federal Rules of Civil Procedure.

Plaintiffs have agreed to a 15-day extension with Separate Defendant, Wal-Mart Stores, Inc., to file a responsive pleading and do not object to a 15-day extension for Separate Defendant, Menu Foods, Inc., to file a responsive pleading. Plaintiffs respectfully request that this Court deny Defendants' motion for an extension of time to file a responsive pleading for any time longer than 15 days and enter an Order requiring Defendant Menu Foods to file a response to Plaintiffs' Complaint no later than May 29th, 2007.

Dated: May 15, 2007.

        KIRBY COOPER, On Behalf of Himself and All Others Similarly Situated, PLAINTIFFS

        LUNDY & DAVIS, L.L.P.
        Attorneys for the Plaintiffs
        300 N. College Ave., Suite 309
        Fayetteville, AR 72701
        (479) 527-3921

By:    /s/ Jason M. Hatfield
        Jason M. Hatfield
        AR Bar #97143

## CERTIFICATE OF SERVICE

I, the undersigned, of Lundy & Davis, L.L.P., state that I have caused the above and foregoing document to be served upon defense counsel via e-mail transmission, as follows:

>   Hon. Christy Comstock
>   Hon. Robert L. Jones, III
>   JONES & HARPER
>   21 West Mountain, Suite 300
>   Fayetteville, AR  72701
>   582-3382
>   587-8189 – fax
>   ccomstock@joneslawfirm.com
>
>   Hon. Edward B. Ruff
>   Hon. Michael P. Turiello
>   PRETZEL & STOUFFER, CHARTERED
>   One South Wacker Drive, Suite 2500
>   Chicago, IL  60606
>   (312) 346-1973
>   (312) 346-8242
>   eruff@pretzel-stouffer.com
>   mturiello@pretzel-stouffer.com
>
>   Hon. Marshall S. Ney
>   MITCHELL, WILLIAMS, SELIG, GATES
>     & WOODYARD, PLLC
>   5414 Pinnacle Point Drive, Suite 500
>   Rogers, AR  72758
>   mney@mwsgw.com

on this 15th day of May, 2007.

>                      /s/  Jason M. Hatfield
>                      Jason M. Hatfield