IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLES RAY SIMS and PAMELA SIMS,
Individually and on behalf of all
others similarly situated                                    PLAINTIFFS

       v.       Civil No. 07-5053

MENU FOODS INCOME FUND,
MENU FOODS MIDWEST CORPORATION,
MENU FOODS SOUTH DAKOTA INC.,
MENU FOODS, INC.,
MENU FOODS HOLDINGS, INC.                                    DEFENDANTS

O R D E R

Now on this 2nd day of May, 2007, comes on for consideration defendants' **Motion To Stay**, document #7, and from said motion, and the response thereto, the Court finds and orders as follows:

1. Plaintiffs make claims of strict products liability, fraud, breach of warranty, and negligence, said to arise out of the sale by defendants of defective pet food. Plaintiffs seek to recover on their own behalf, and to represent a class of similarly situated plaintiffs.

2. Defendants move the Court to stay the litigation, pending decisions on three motions to transfer similar cases to Multi-District Litigation Panel courts and certify a class. They contend that a stay will "promote judicial economy and avoid undue prejudice to the parties."

Plaintiffs counter that little in the way of judicial resources will be expended at this early stage of the case, and that they should not be prevented from commencing discovery.

3. Transfer to the Judicial Panel on Multidistrict Litigation is governed by 28 U.S.C. §1407, and by the **Rules of Procedure of the**


PLAINTIFF'S EXHIBIT A

Judicial Panel on Multidistrict Litigation. Rule 1.5 of those rules provides that

> [t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an cation pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. §1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

The wisdom of this rule is self-evident: when a motion for transfer is made, there is no way of knowing whether it will be granted or not. If a case were to be automatically stayed until the decision regarding transfer were made, many cases which do not end up being transferred would be needlessly delayed.

So it is in this case: there is no way of knowing whether it will be transferred to the MDL panel. While valid arguments are made on both sides of the issue, the Court is persuaded that the best course of action is to abide by the wisdom of **Rule 1.5**, and the motion will, therefore, be denied.

IT IS THEREFORE ORDERED that defendants' Motion To Stay (document #7) is denied.

IT IS SO ORDERED.

                                         /s/ Jimm Larry Hendren
                                         JIMM LARRY HENDREN
                                         UNITED STATES DISTRICT JUDGE