IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLES RAY SIMS and PAMELA SIMS,
Individually and on behalf of all
others similarly situated                                    PLAINTIFFS

        v.        Civil No. 07-5053

MENU FOODS INCOME FUND,
MENU FOODS MIDWEST CORPORATION,
MENU FOODS SOUTH DAKOTA INC.,
MENU FOODS, INC.,
MENU FOODS HOLDINGS, INC.                                    DEFENDANTS

O R D E R

    Now on this 7th day of May, 2007, come on for consideration plaintiffs' Motion For Default Pursuant To Rule 55 Of The Federal Rules Of Civil Procedure (document #14) and defendants' Motion For Extension Of Time To Respond And Response To Plaintiffs' Motion For Default (document #16), and from said motions, and the response thereto, the Court finds and orders as follows:

    1.    Plaintiffs make claims of strict products liability, fraud, breach of warranty, and negligence, said to arise out of the sale by defendants of defective pet food. They seek to recover on their own behalf, and to represent a class of similarly situated plaintiffs.

    2.    The Complaint was filed on March 21, 2007, and plaintiffs obtained service on all defendants (the "Served Defendants") except Menu Foods Income Fund on March 23, 2007.

    On April 12, 2007, the Served Defendants moved the Court to stay the litigation, pending decisions on three motions to transfer similar cases to Multi-District Litigation and certify a class. That motion



PLAINTIFF'S EXHIBIT B

was denied on May 12, 2007.

Plaintiffs filed their Motion For Default on May 3, 2007, contending that the Served Defendants had failed to timely file a responsive pleading to the Complaint. Plaintiffs point out that no motion for extension of time to respond was filed,, and that a motion to stay is not one of the motions in F.R.C.P. 12 that alters the time for filing a responsive pleading.

The Served Defendants responded to the Motion For Default, pointing out that they had asked not just for a stay of the case, but for a stay of their "obligation to timely response to Plaintiffs' Complaint." They also noted that other, similar, cases had been filed in the Western District of Arkansas and stayed; that other, similar, cases had been filed nationwide and stayed; and that a hearing on several motions for transfer to a Multi-District Panel court is scheduled for May 31, 2007. They ask for "a minimum of thirty (30) days to respond to Plaintiffs' complaint, during which time" they plan to move to consolidate the other, similar, cases filed in the Western District of Arkansas; seek stays in those cases; and ask this Court to reconsider its denial of their Motion To Stay.

3.   It is obvious from the foregoing that the plaintiffs want to get started preparing their case for trial, while the Served Defendants want to wait until they have the various cases consolidated and situated along the lines they consider appropriate, before commencing trial preparation. The Court has already resolved this issue adversely to the Served Defendants, and therefore is not

receptive to the suggestion that the Served Defendants be granted an additional thirty days to respond to the Complaint.

4. The Court is similarly unreceptive to the suggestion that the Served Defendants should be held in default. Default judgments, and their precursors, defaults, are decisions made on procedural technicalities rather than on substantive merits, and as such are disfavored. "The entry of default judgment is not favored by the law, and should be a rare judicial act. A court abuses its discretion if it enters a default judgment for a marginal failure to comply with the time requirements." In re Jones Truck Lines, Inc., 63 F.3d 685, 688 (8th Cir. 1995)(internal citations and quotation marks omitted). Cf. Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d §2682:

> The mere appearance by a defending party, without more, will not prevent the entry of a default for failure to plead or otherwise defend . . . . But if defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default. This approach is in line with the general policy that whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits.

The Served Defendants have appeared and indicated that they desire to contest the action. From the timeline set out in ¶2, it appears that the served defendants in this case are less than a month late in filing responses to the Complaint. They apparently relied upon the request for a stay of time to respond included in their Motion To Stay. Under these circumstances, if plaintiffs' Motion For Default were granted, the Court believes it would have to be set aside upon a proper motion.

-3-

5. For the foregoing reasons, the Court finds that default should not be entered, but that only a brief additional time should be allowed for the Served Defendants to respond to the Complaint of the plaintiffs.

IT IS THEREFORE ORDERED that plaintiffs' Motion For Default Pursuant To Rule 55 Of The Federal Rules Of Civil Procedure (document #14) is denied.

IT IS FURTHER ORDERED that the served defendants' Motion For Extension Of Time To Respond (document #16) is granted, and these defendants are allowed seven (7) days from the date of this Order to file a responsive pleading to plaintiffs' Complaint.

IT IS SO ORDERED.

                                        /s/ Jimm Larry Hendren
                                        JIMM LARRY HENDREN
                                        UNITED STATES DISTRICT JUDGE