# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

| | |
|---|---|
| KIRBY COOPER, Individually ) | |
| And on Behalf of All Others ) | CASE NO. 4:07-cv-4036 |
| Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| MENU FOODS INCOME FUND, ) | |
| MENU FUNDS MIDWEST CORPORATION, ) | |
| MENU FOODS SOUTH DAKOTA, INC., ) | |
| MENU FOODS, INC., MENU FOODS ) | |
| HOLDINGS, INC., AND WAL-MART ) | |
| STORES, INC. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' REPLY MEMORANDUM
## IN SUPPORT OF THEIR MOTION TO STAY

Defendants, MENU FOODS INCOME FUND, MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA INC., MENU FOODS INC., MENU FOODS HOLDINGS INC. (Collectively referred to as "MENU FOODS"), by their attorneys and for their reply in support of Defendants' Motion to Stay pending the transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML") and a determination of class certification by the transferee court hereby state as follows.

In his opposition to Defendants Motion to Stay, Plaintiff contends that "there is no assurance that the case will be transferred to another court, and there is no reason to prejudice the Plaintiff's claim based upon a speculative transfer." Yet, on April 16, 2007, in the companion

1

Sims case, where the Plaintiffs are represented by the same Plaintiff's counsel as this case, the Plaintiffs filed a motion for consolidation and transfer to the Western District of Arkansas ("Plaintiff Sims' MDL Motion"). *See* Plaintiff Sims' MDL Motion attached hereto as Exhibit "A." In addition, Plaintiff's counsel filed this case on April 13, 2007, in the Western District of Arkansas with almost identical allegations against Defendants to bolster their argument for transfer to the Western District of Arkansas. *See* Cooper v. Menu Foods et. al. attached hereto as Exhibit "B." The fact that Plaintiff filed another case in the Western District of Arkansas with almost identical allegations against Defendants also weighs heavily in favor of a stay and makes consolidation appropriate. Further, even if the Judicial Panel were to transfer the litigation to the Western District of Arkansas, there are currently several cases pending in the jurisdiction, which are assigned to different judges. It would be a waste of judicial resources to have one judge familiarize himself with the litigation only to transfer the case to another judge or to another jurisdiction entirely.

Moreover, in Plaintiff Sims' MDL Motion, Plaintiff not only agrees with Defendants' arguments for a stay but use them in their MDL Motion. Specifically, Plaintiffs in the Sims matter agree that "transfer and consolidation will promote convenience for the parties and efficiency in the pretrial proceedings by eliminating duplicative discovery and the potential for inconsistent rulings, including determinations on class certification;" *See* Exhibit "A," pp. 4-5.

Plaintiff contends that he will eliminate any potential hardship on Defendants by "accept[ing] discovery responses on a computer disc and shar[ing] discovery with other Plaintiffs' counsel." Yet, in the Sims MDL Motion, Plaintiffs argue for consolidation because:

> "Plaintiffs in each action will seek to depose many of the same individuals from the Defendants and their various affiliates and

> request production of a substantially similar set of documents. Failing to consolidate these actions will therefore result in duplicative discovery efforts, requiring witnesses to appear for multiple depositions and defendants to produce several sets of the same documents."

*See* Exhibit "A," p.7.  The idea of this Plaintiff's counsel volunteering to manage pre-trial discovery amongst all Plaintiffs' counsel is absurd.  Plaintiff's counsel is attempting to push this case along to bolster his argument for transfer and consolidation to the Western District of Arkansas.

Plaintiff contends that he "will be prejudiced by having to wait months to learn what defenses it will face."  Defendants are not asking this Court to stay the proceedings indefinitely, but rather until the Judicial Panel hears the MDL Motions (Collectively known as "MDL 1850 - *In re Pet Food Products Liability Litigation*.").  The Judicial Panel has issued a Notice of Hearing Session that it will consider the MDL Motions on **May 31, 2007**, a matter of days from the filing of this Reply**.**  *See* April 12, 2007 Notice of Hearing Session attached hereto as Exhibit "C."

This case involves the largest pet food recall in United States history, with more than 100 different types of pet foods.  This is a complex and hotly contested matter.  Currently, there are more than 80 cases that seek relief for individuals who purchased allegedly contaminated pet food from Menu Foods.  Yet no discovery has taken place in any of the pending cases.  The Courts have granted motions to stay in approximately 40 cases to date.  Given the complexity of this case, it is likely that discovery will be protracted and it is highly unlikely that the case will be tried within the immediate future.  Undoubtedly, Defendant will have to produce thousands of documents during discovery related to the allegedly contaminated pet food.  Absent a stay, Defendant will have to duplicate efforts and expend significant resources defending multiple cases

in jurisdictions around the country.

Additionally, Plaintiffs contend that "it is well established that a case should proceed when motions to transfer and consolidate are concurrently pending" without citing to a single opinion by this Court or the Eighth Circuit to support its proposition. To the contrary, Eight Circuit courts have granted motions to stay pending a transfer decision by the Judicial Panel, *Baron v. Merck & Co., Inc.*, 2006 WL 2521615, *1 (E.D. Mo. 2006); *S.M. ex rel. Wilson v. Janssen Pharmaceutica, L.P.*, 2006 WL 950212, *1 (E.D. Mo. 2006); *Buie v. Blue Cross and Blue Shield of Kansas City*, *Inc.* 2005 WL 2218461, *2 (W.D. Mo. 2005); *Calder v. A.O. Smith Corp.*, 2004 WL 1469370, *1 (D. Minn. 2004), and pending a determination of class certification. *Kramer v. NCS Pearson, Inc.*, 2003 WL 21640494, *1 (D.Minn. 2003); *Johnson v. Resource Bancshares Mortg. Group,* 1999 WL 33912054, *2 (D.Minn. 1999); *Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc., Archer-Daniels-Midland Co.* 1995 WL 783610, *5 (D. Minn. 1995).

Further, the cases which Plaintiff cites for the proposition that "a case should proceed during the pendency of a motion to consolidate" either can be distinguished or are not relevant to the case at bar. *Villarreal v. Chrysler Corp.,* 1996 WL 116832 (N.D. Cal. 1996) (Court denied motion to stay because of pending motion to remand the case; here, there is no pending motion to remand); *In re Airport Car Rental Antitrust. Litig.*, 448 F. Supp. 273 (J.P.M.L. 1978) (Motion to stay was not at issue; court was asked to decide whether it should consolidate cases to promote judicial efficiency); *In re Master Key Antitrust Litig.*, 320 F. Supp. 1404 (J.P.M.L. 1971) (same); *In re Swine Flu Immunization Prods. Liab. Litig.*, 89 F. R. D. 695 (D. D.C. 1981) (Motion to stay was not at issue; court. Conversely, any slight delay that Plaintiffs may experience will be minimal. Given the high probability of consolidation, and in order to promote the goals of Section

1407 of avoiding duplicative efforts and inconsistent rulings, this Court should stay these proceedings pending the transfer decision by the Judicial Panel and determination on class certification by the transferee court.

## CONCLUSION

WHEREFORE Defendants, MENU FOODS INCOME FUND, MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA INC., MENU FOODS INC. and MENU FOODS HOLDINGS INC., respectfully request that this Court enter an Order to stay all proceedings in this matter pending the transfer decision by the Judicial Panel and a determination of class certification by the transferee court.

Respectfully submitted,

/s/ Christy Comstock
Christy Comstock (AR #92246)
Robert L. Jones, III (AR #69041)
**Jones & Harper**
21 West Mountain, Suite 300
Fayetteville, AR 72701
(479) 582-3382
Fax (479) 587-8189

And

Edward B. Ruff
Michael P. Turiello
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 346-1973

ATTORNEYS FOR SEPARATE DEFENDANT MENU FOODS, INC.

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 22nd day of May, 2007, by first class mail, postage prepaid to:

Jason M. Hatfield
**LUNDY & DAVIS, L.L.P.**
300 N. College Ave., Suite 309
Fayetteville, AR 72701

                                                        /s/ Christy Comstock
                                                        Christy Comstock